UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAGHAV RAGHAV,<br><br>    Plaintiff,<br><br>    v.<br><br>UR M. JADDOU,<br><br>    Defendants. | No. 2:25-cv-00408-DJC-JDP<br><br>ORDER DENYING MOTION FOR<br>TEMPORARY RESTRAINING ORDER |

Plaintiff Raghav Raghav seeks a temporary restraining order staying his deportation until his U Visa application is adjudicated or a bona fide determination is made regarding his application. Plaintiff claims that he applied for a U nonimmigrant visa on July 13, 2023, but he has not received any further decision or adjudication from U.S. Citizenship and Immigration Services ("USCIS"). On January 26, 2025, Plaintiff states that he was arrested by U.S. Immigration and Customs Enforcement ("ICE") and that he now faces imminent deportation.

While it is true that Plaintiff likely faces irreparable harm in the form of removal from the United States and while the Court is sympathetic to the tremendous impacts that deportation has on an individual and those around them, the Court denies Plaintiff's request for temporary restraining order. Plaintiff has not shown that he has a

likelihood of success on the merits.  For this reason and the reasons stated below, Plaintiff's Motion for Temporary Restraining Order (ECF No. 4) is denied.

## I. Legal Standard

The purpose of a temporary restraining order is to preserve the status quo and prevent irreparable harm "just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. Of Teamsters,* 415 U.S. 423, 439 (1974). The standards for issuing a temporary restraining order and a preliminary injunction are "substantially similar." *See Stuhlbarg Int'l Sales Co. v. John D. Bush & Co.,* 240 F.3d 832, 839 n.7 (9th Cir. 2001).  To obtain preliminary injunctive relief, Plaintiff must show (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.,* 555 U.S. 7, 20 (2008).  Alternatively, courts within the Ninth Circuit may consider a request for a temporary restraining order using a "sliding scale" test in which "a stronger showing of one element may offset a weaker showing of another." *All. for the Wild Rockies v. Cottrell,* 632 F.3d 1127, 1131 (9th Cir. 2011).

## II. Discussion

Plaintiff fails to satisfy the first *Winter* factor necessary to obtain preliminary injunctive relief: likelihood of success on the merits.  In his Complaint, Plaintiff seeks relief under the Mandamus Act and the APA.  (Compl. (ECF No. 1) ¶¶ 61–91.)  He asks that the Court compel USCIS to either adjudicate Plaintiff's I-918 application for U Nonimmigrant Status or determine whether Plaintiff's application is a bona fide application (referred to as a "Bona Fide Determination" or "BFD").  (Compl. at 19.)  Plaintiff claims that USCIS has failed to take either action and that the delay in adjudicating his application or making a BFD is unreasonable.

Taking all of Plaintiff's allegations as true, Plaintiff's application has been pending less than eighteen months.  Courts in this circuit have regularly held that, as a matter of law, a two-year delay in not an unreasonable delay.  *See Liu v. Denayer*, 2022

WL 17370527, at *4 (C.D. Cal. July 18, 2022) (collecting cases). Many courts have found even longer delays to not be unreasonable. *Id*. Given the delay alleged by Plaintiff is presently less than 18 months, Plaintiff cannot succeed on the merits of his claims and cannot meet each of the *Winter* factors.[1]

Even if Plaintiff could show he were likely to succeed in obtaining adjudication of his application or a determination of whether his application is bona fide, the relief Plaintiff seeks in his motion – a stay of the removal proceedings – lack a sufficient nexus to the claims Plaintiff raises in the Complaint. The scope of the claim properly before this Court concern the reasonableness of the delay. This is limited inquiry that does not involve any determination of whether Plaintiff's application should be granted or denied or if it is a bona fide application. Whether an individual has filed an application for a U-Visa does not preclude their removal from the United States by ICE pursuant to a final order. 8 C.F.R. § 214.14(c)(1)(ii). Plaintiff's request that the Court stay removal proceedings until his application is adjudicated or until a Bona Fide Determination is made is beyond the scope of what is requested in the Complaint.

Were Plaintiff were granted the full relief sought in the Complaint, such relief would not invalidate or prevent the present the finalization of the removal proceedings against Plaintiff. Further, regardless of whether Plaintiff ultimately obtains an order directing the adjudication of his application, USCIS may still deny Plaintiff's request for a U-Visa. Plaintiff admits that he is not presently admissible to the United States and must qualify for a waiver of inadmissibility to obtain U nonimmigrant status. (Mot. at 7; *see* ECF No. 1-2, Tab E at 4.) The Attorney General expressly has sole discretion to grant a U-visa applicant a waiver of inadmissibility. 8 U.S.C. § 1182(d)(1) ("The Attorney General, in the Attorney General's discretion, may waive the application of subsection (a) . . . .")

---

[1] Given that Courts have consistently ruled that a delay of under two years is not unreasonable as a matter of law, Plaintiff cannot meet the first *Winter* factor even when the sliding scale approach is used to reduce the showing to one of requiring there be "serious questions." *See All. for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

1    Similarly, Plaintiff obtaining a BFD in his favor would not prevent his removal. While a BFD may satisfy the initial prima facie requirement for an administrative stay of removal under 8 U.S.C. § 1227(d)(1), the prima facie showing is only the first step in obtaining a stay of proceedings.[2] The decision to grant or deny a stay after the prima facie determination is made is solely in the discretion of the Secretary of Homeland security.  8 U.S.C. § 1227(d)(1); *see Jimenez v. Dept. of Homeland Sec.*, No. 2:22-cv-00967-SSS-JPRx, 2022 WL 19410308, at *3 (C.D. Cal. Nov. 14, 2022) ("[T]he Secretary has the discretion to grant or deny a request for an administrative stay.").

In short, Plaintiff would still be subject to removal regardless of the ultimate result of the underlying action unless the Attorney General exercised his discretion to waive of Plaintiff's inadmissibility or if the Secretary of Homeland Security exercised his discretion to grant an administrative stay under section 1227(d)(1).  Thus, the stay requested is not of the same character as what could be granted in the underlying action.  *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015).  The requested stay pushes the relief sought by Plaintiff from a request regarding the reasonableness of a delay towards a determination of the merit of Plaintiff's application or whether an administrative stay is warranted.  This relief lacks a sufficient nexus or relationship to the relief sought in the underlying Complaint.  It may even extend outside the jurisdiction of this Court, though the Court need not reach this issue here.  *See* 8 U.S.C. § 1252; *see also Balogun v. Sessions*, 330 F. Supp. 3d 1211, 1215 (C.D. Cal. 2018) ("Section 1252(g) of the INA removes the Court's jurisdiction to review [ICE's refusal to grant a discretionary stay of removal].")

Accordingly, because Plaintiff cannot show a likelihood of success on the merits and because the relief sought in Plaintiff's Motion is not of the same character as what could be granted via the underlying Complaint, Plaintiff's Motion is denied.

---

[2] As a BFD is made by USCIS and the prima facie determination is made by ICE, the two are not synonymous, though, as USCIS's policy manual recognizes, the BFD process satisfies the prima facie requirement.  *See* https://www.uscis.gov/policy-manual/volume-3-part-c-chapter-5 [https://perma.cc/R4EH-LCFK].

### III. Conclusion

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Temporary Restraining Order (ECF No. 4) is DENIED.

IT IS SO ORDERED.

Dated: __February 3, 2025__

*Daniel J. Calabretta*
Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

5